UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal File No. 06-87(1) (PAM/SRN) |
| Plaintiff, | |
| v. | **ORDER** |
| Nona Lee Champion, | |
| Defendant. | |

This matter is before the Court on Defendant's Motion for Order to Set Scheduled Restitution Payments, a request for a certificate of appealability, and a Motion for Leave to Appeal In Forma Pauperis. For the reasons that follow, the Court grants Defendant's Motions and request.

**A.  Restitution**

On January 16, 2008, the Court amended Defendant's Judgment to address restitution issues. (See Docket No. 434.) Therefore, Defendant's Motion for Order to Set Scheduled Restitution Payments is moot.

**B.  Certificate of Appealability**

The Court cannot grant a Certificate of Appealability unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). "Good faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate." Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994). Instead, the prisoner must satisfy a

higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam)); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).  When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam); see also Slack v. McDaniel, 529 U.S. 473, 475 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'") (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Defendant raises various claims related to allegedly ineffective assistance of counsel. The Court has determined that the claims taken together are not frivolous and are "debatable," and therefore Defendant is entitled to a Certificate of Appealability on her claims.

**C.     Motion for Leave to Appeal In Forma Pauperis**

Pursuant to 28 U.S.C. § 1915, this Court may authorize a party to proceed without prepayment of fees, costs, or security, upon the affidavit of a party testifying that he is unable to pay such costs, describing the nature of the appeal and her belief that she is entitled to redress.  Based on a review of the record and the application Defendant filed with her Complaint in the above-captioned matter, the Court concludes that she should be allowed to proceed with her appeal in forma pauperis.

**CONCLUSION**

    **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Order to Set Scheduled Restitution Payments (Docket No. 436) is **DENIED** as moot;

2. Defendant's request for a Certificate of Appealability (Docket No. 438) is **GRANTED**; and

3. Defendant's Motion for Leave to Appeal In Forma Pauperis (Docket No. 446) is **GRANTED**.

Dated: February 13, 2008

                                             s/Paul A. Magnuson
                                             Paul A. Magnuson
                                             United States District Court Judge